# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD ERIC SCHULTZ,<br>5 Stone Tower Lane<br>Barrington, Rhode Island 02806<br><br>        Plaintiff,<br><br>v.<br><br>GILEAD SCIENCES, INC.,<br>101 Constitution Avenue NW<br>Suite 300W<br>Washington, D.C. 20001<br><br>        Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:    Civil Action No.:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, RICHARD ERIC SCHULTZ ("Schultz" or "Plaintiff"), brings this complaint in the United States District Court for the District of Columbia against GILEAD SCIENCES, INC. ("Gilead" or "Defendant"), alleging as follows:

## THE PARTIES

1.   Schultz is an experience commercial photographer specializing in connective lifestyle and portraiture. Schultz works for clients throughout the world, including but not limited to: American Express, Astra-Zeneca, Blackrock, Chevy, Chevron, Chase Bank, Four Seasons Resorts, Johnson & Johnson, Mercedes, MetLife, Microsoft, *National Geographic*, Pfizer, *Travel & Leisure*, and Verizon. Schultz has been awarded Archive's 200 Best Advertising Photographers Worldwide (2012 -2025), and numerous yearly Communication Arts & Graphis awards. Schultz resides in Barrington, Rhode Island.

2.   Defendant is a Corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Foster City, California. Defendant has offices throughout the United States, including: Frederick, Maryland; Parsippany, New Jersey; Raleigh, North Carolina; and Washinton, District of Columbia. Defendant's agent for service of process is The C T Corporation System, 1015 15th Street NW, Suite 1000, Washington, District of Columbia 20005.

**JURISDICTION AND VENUE**

3.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.   This Court has personal jurisdiction over Defendant because Defendant has maintained sufficient minimum contacts with the District of Columbia and as a result the exercise of personal jurisdiction over Defendant by this Court would not offend traditional notices of fair play and substantial justice.

5.   Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent(s) reside or may be found in this district: "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant."

**FACTS**

**I.     The Photographs at Issue in this Lawsuit**

6.   On May 12, 2016, Plaintiff and Strikeforce Communications ("Strikeforce") contracted for Plaintiff to capture photographs for an advertising campaign for Defendant ("Contract"). **[Exhibit 1].**

7.   Strikeforce acted as an agent for Defendant as a party to Contract.

8.  On May 12, 2016, Plaintiff and Defendant agreed on license terms ("License") for Defendant's use of the photographs captured by Plaintiff as a result of Contract, including a two-year (2), limited, non-transferable license for: Internet; collateral; print; and brochure. **[Exhibit 1].**

9.  On June 3-4, 2016, Schultz captured the photographs:

- Gilead_Day_2_Biker_01004_edit_V1_layered

- Gilead_Day_1_Hike_00258_edit_V2_sky

- Gilead_Day_1_Hike_00569_edit_V2

- Gilead_Day_1_Hike_00628_edit_V2_layered

- Gilead_Day_1_Surfcaster_00486_edit_V1

- Gilead_Day_1_Surfcaster_00830_edit_V4_extend sky

- Gilead_Day_1_Surfcaster_01022_edit_v2

- Gilead_Day_2_Biker_00514_edit_V1_layered

- Gilead_Day_2_Garden_00647_edit_V1_layered

("Copyrighted Photographs") copies of which are exhibited below:



















10. On August 10, 2016, Schultz registered Copyrighted Photographs with the United States Copyright Office (Registration No.: VAu 1-257-960).

11.  License specified "No OOH (Out-of-Home), video or broadcast TV" use.

12. On July 1, 2018, Plaintiff and Defendant agreed on a one-year (1) extension to License ("Extended License") for the same terms and use by Defendant of Copyrighted Photographs.

13. Extended License expired June 30, 2019. **[Exhibit 2].**

14. For all times relevant to this action, Plaintiff has been the author and exclusive copyright holder of all copyright rights in and to Copyrighted Photographs. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

**II.    Defendant's Unlawful Activities**

15. Defendant possessed first-hand knowledge it did not have proper license nor permission from Schultz to copy, post, or otherwise exploit Copyrighted Photographs beyond June 30, 2019.

16. Defendant possessed first-hand knowledge it did not have proper license nor permission from Schultz to continue to use or otherwise exploit Copyrighted Photographs beyond June 30, 2019.

17. Despite such knowledge, beginning as early as July 2, 2019, Defendant copied and posted Copyrighted Photographs to its commercial website, www.epclusa.com/-/media/Files/epclusa_com/epclusa-brochure.pdf:







## IT'S YOUR TIME TO CONSIDER EPCLUSA

If you have chronic Hep C, you may be concerned that the virus is damaging your liver and wonder if it is the right time to seek treatment. Now may be the time to stop wondering and talk to your Hep C Specialist about EPCLUSA.

This brochure will help you learn more about EPCLUSA and prepare you for a productive conversation with your Hep C Specialist to see if EPCLUSA is right for you.

**Did you know?**
Chronic hepatitis C is a viral infection of the liver that progresses slowly. Over time, it can cause liver damage or liver failure.



For more information or if you have questions about EPCLUSA,

Call **1-844-4-EPCLUSA** (1-844-437-2587) or visit **EPCLUSA.com**

### What is the most important information I should know about EPCLUSA?

EPCLUSA can cause serious side effects, including:
- **Hepatitis B virus reactivation:** Before starting EPCLUSA treatment, your healthcare provider will do blood tests to check for hepatitis B infection. If you have ever had hepatitis B, the hepatitis B virus could become active again during and after treatment with EPCLUSA. This may cause serious liver problems including liver failure and death. If you are at risk, your healthcare provider will monitor you during and after taking EPCLUSA.

Please see Important Facts about EPCLUSA including **important warning** on page 10.

2





## A BREAKTHROUGH TREATMENT FOR HEP C

EPCLUSA was the first Hep C therapy proven to effectively treat all six main Hep C genotypes with a simple one pill, once a day treatment regimen for the majority of patients.*



**98%** CURE RATE

In clinical studies, EPCLUSA had a high overall cure rate of 98% in patients with genotypes 1, 2, 3, 4, 5, or 6.†

Cure means the Hep C virus is not detected in the blood when measured three months after treatment is completed.

**With EPCLUSA, the treatment regimen is one pill, once a day for most patients.**

* EPCLUSA with ribavirin is recommended for patients with advanced cirrhosis (decompensated). **If you take EPCLUSA with ribavirin, you should also read the ribavirin Medication Guide for important pregnancy-related information.**

† In three separate clinical studies with a combined total of 1558 patients with genotype 1, 2, 3, 4, 5 or 6 Hep C with or without prior Hep C treatment, and with or without cirrhosis (compensated), who received either EPCLUSA or placebo for 12 weeks, 98% (1015/1035) of all patients who received EPCLUSA once daily for 12 weeks were cured.

These studies did not include patients with advanced cirrhosis (decompensated).

‡ Advanced cirrhosis (decompensated) is when the liver is extensively scarred and can no longer do its job effectively.

### What should I tell my healthcare provider before taking EPCLUSA?

- **Tell your healthcare provider about all of your medical conditions,** including if you have ever had hepatitis B infection or liver problems other than hepatitis C infection; if you have severe kidney problems or are on dialysis; if you have HIV; or if you are pregnant or breastfeeding, or plan to become pregnant or breastfeed. It is not known if EPCLUSA will harm your unborn baby or pass into your breast milk. If you take EPCLUSA with ribavirin, you should also read the ribavirin Medication Guide for important pregnancy-related information.

Please see Important Facts about EPCLUSA including **important warning** on page 10.

3



EPCLUSA
sofosbuvir/velpatasvir
400 mg/100 mg tablets

## A SIGNIFICANT ADVANCEMENT IN HEP C THERAPY

EPCLUSA is powered by sofosbuvir, the medicine that helped transform Hep C treatment. EPCLUSA combines sofosbuvir and another medicine, velpatasvir, into one pill—creating the first Hep C treatment for all six main Hep C genotypes.

EPCLUSA is brought to you by the makers of HARVONI® (ledipasvir and sofosbuvir)—the medicine that revolutionized Hep C treatment for adults with Hep C genotype 1 and has been prescribed to over a half million people.* **For important information about HARVONI, please see the following page 10.**

*This information is derived from IMS NPA, IMS NSP™, and IntegriChart® data; data reflect estimated patient starts for HARVONI from 10/2014–3/2016.

### HARVONI and EPCLUSA are powered by sofosbuvir



| sofosbuvir + ribavirin +/- peginterferon | HARVONI ledipasvir/ sofosbuvir | EPCLUSA sofosbuvir/ velpatasvir |
|---|---|---|
| Up to **7 pills** per day +/- **1 shot** per week | **1 pill** per day† | **1 pill** per day† |
| 2013 | 2014    2015 | 2016 |
| GT 1, 2, 3, 4 | GT 1        GT 1, 4, 5, 6 | GT 1, 2, 3, 4, 5, 6 |

* Certain patients will need to have ribavirin added to their regimen.

### What should I tell my healthcare provider before taking EPCLUSA? (continued)
• Tell your healthcare provider and pharmacist about all the medicines you take, including prescription and over-the-counter medicines, vitamins, and herbal supplements. EPCLUSA and certain other medicines may affect each other, or may cause side effects.

Please see Important Facts about EPCLUSA and HARVONI including **important warnings** on page 10.

4

## HEP C TREATMENT WAS TRANSFORMED WITH HARVONI

HARVONI revolutionized Hep C treatment by combining two drugs (ledipasvir and sofosbuvir) into one pill. HARVONI was the first cure that's one pill, once a day for the majority of patients.

In clinical studies, HARVONI was **proven to cure 96–99% of adult patients** who had Hep C **genotype 1** and **no prior treatment** with just **12 weeks** of therapy.* Certain patients were cured with just 8 weeks of therapy.† Cure means the Hep C virus is not detected in the blood when measured three months after treatment is completed.

Like HARVONI, EPCLUSA (sofosbuvir 400 mg/velpatasvir 100 mg) is a clear step forward in Hep C treatment. For EPCLUSA clinical study results, please see page 6.

* In a study of 865 patients with genotype 1 Hep C and no prior Hep C treatment, with or without cirrhosis (compensated), 99% (210 out of 213) of those who received HARVONI once daily for 12 weeks were cured. In a separate study of 647 patients with genotype 1 Hep C, with no prior Hep C treatment and without cirrhosis, 96% (208 out of 216) of those who received HARVONI once daily for 12 weeks were cured.

† In a study of 647 patients with genotype 1 Hep C, with no prior Hep C treatment and without cirrhosis, 97% (119 out of 123) of those with lower levels of the virus (less than 6 million IU/mL) who received HARVONI once daily for 8 weeks were cured.

‡ Advanced cirrhosis (decompensated) is when the liver is extensively scarred and can no longer do its job effectively.

These studies did not include patients with advanced cirrhosis (decompensated) or those who have had a liver transplant.

### What is HARVONI?
HARVONI is a prescription medicine used to treat adults with chronic (lasting a long time) hepatitis C (Hep C) genotype (GT) 1, 4, 5 or 6 infection with or without cirrhosis (compensated). In those with GT 1 and advanced cirrhosis (decompensated) or with GT 1 or 4 with or without cirrhosis (compensated) who have had a liver transplant, HARVONI is used with ribavirin.



HARVONI
ledipasvir/sofosbuvir
90 mg/400 mg tablets

Please see Important Facts about EPCLUSA and HARVONI including **important warnings** on page 10.

### What is the most important information I should know about HARVONI?
HARVONI can cause serious side effects, including:
• **Hepatitis B virus reactivation:** Before starting HARVONI treatment, your healthcare provider will do blood tests to check for hepatitis B infection. If you have ever had hepatitis B, the hepatitis B virus could become active again during and after treatment with HARVONI. This may cause serious liver problems, including liver failure and death. If you are at risk, your healthcare provider will monitor you during and after taking HARVONI.

### What should I tell my healthcare provider before taking HARVONI?
• Tell your healthcare provider about all of your medical conditions, including if you have ever had hepatitis B infection, liver problems other than hepatitis C infection, or a liver transplant; if you have severe kidney problems or are on dialysis; if you have HIV; or if you are pregnant or breastfeeding or plan to become pregnant or breastfeed. It is not known if HARVONI will harm your unborn baby or pass into your breast milk. If you take HARVONI with ribavirin, you should also read the ribavirin Medication Guide for important pregnancy-related information.

• Tell your healthcare provider and pharmacist about all the medicines you take, including prescription and over-the-counter medicines, vitamins, and herbal supplements. HARVONI and certain other medicines may affect each other, or may cause side effects.

### What are the possible side effects of HARVONI?
Serious side effects may also include:
• **Slow heart rate (bradycardia):** HARVONI, when taken with amiodarone (Cordarone®, Nexterone®, Pacerone®), a medicine used to treat certain heart problems, may cause slow heart rate, which in some cases has led to death or the need for a pacemaker. Get medical help right away if you take amiodarone with HARVONI and get any of the following symptoms: fainting or near-fainting, dizziness or lightheadedness, not feeling well, weakness, extreme tiredness, shortness of breath, chest pains, confusion, or memory problems.

The most common side effects of HARVONI include tiredness, headache, and weakness.

5







18. Defendant was not licensed to use or display Copyrighted Photographs beyond July 1, 2019.

19. Defendant owns, operates, and is solely responsible for the content posted to its commercial website, www.epclusa.com.

20. As a result of Defendant's infringement of Copyrighted Photographs, at least one third-party, Sharecare, Inc., copied and posted Copyrighted Photographs without proper license or permission from Plaintiff:



21. Plaintiff first discovered Defendant's unauthorized use and display of Copyrighted Photographs on or about July 15, 2025.

22. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

23. Defendant removed its unauthorized use of Copyrighted Photographs on or about July 16, 2025.

24. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of Copyrighted Photographs.

## COUNT I: COPYRIGHT INFRINGEMENT

25. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

26. Copyrighted Photographs are original works of authorship, embodying copyrightable subject matter, and therefore subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

27. Schultz owns a valid copyright in Copyrighted Photographs, having registered Copyrighted Photographs with the Register of Copyrights.

28. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright.

29. Defendant reproduced, distributed, and publicly displayed Copyrighted Photographs without authorization from Plaintiff.

30. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying Copyrighted Photographs for its own commercial purposes.

31. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

32. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

33. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of Copyrighted Photographs and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of Copyrighted Photographs, which amounts shall be proven at trial.

34. Alternatively, to the extent infringement by Defendant of Copyrighted Photographs occurred post-registration or within the three (3) month period between first publication and registration, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35.    To the extent infringement by Defendant of Copyrighted Photographs occurred post-registration or within the three (3) month period between first publication and registration, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct pursuant to 17 U.S.C. § 505 for such infringement of the corresponding Copyrighted Photographs.

## COUNT II: CONTRIBUTORY INFRINGEMENT

36.    Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

37.    As of July 1, 2019, Defendant possessed knowledge Defendant did not possess license or permission to copy or otherwise exploit Copyrighted Photographs.

38.    At all times, Defendant possessed direct knowledge Plaintiff was the sole author and copyright holder of Copyrighted Photographs.

39.    As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of Copyrighted Photographs and, at Plaintiff's election (pursuant

to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of Copyrighted Photographs, which amounts shall be proven at trial.

40.     Alternatively, to the extent Defendant's infringement of Copyrighted Photographs occurred post-registration or within the three (3) month period between first publication and registration, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court, as well as recover its costs and attorneys' fees as a result of Larson's conduct pursuant to 17 U.S.C. § 505 for such infringement of the corresponding Copyrighted Photographs.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.  A declaration Defendant has infringed Plaintiff's copyrights in Copyrighted Photographs;

b.  A declaration that such infringement is willful (to the extent applicable);

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election (to the extent applicable), an award of statutory damages for willful infringement up to $150,000.00 for infringement of each photograph comprising the Work.

d.  Awarding Plaintiff its costs and (if applicable) reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market Copyrighted Photographs or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury

trial.

Dated: November 12, 2025                          **The Law Office of David C. Deal, P.L.C.**

*/s/ David C. Deal*
David C. Deal
117 4th Street NE
Charlottesville, VA 22902
Telephone: (434) 261-2704
Email: david@daviddeal.com
*Counsel for Plaintiff*