UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD ERIC SCHULTZ,

    Plaintiff

v.

GILEAD SCIENCES, INC.,

    Defendant

Civil Action No. 1:25-cv-03929

Judge Christopher R. Cooper

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT Of DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE TO TRANSFER VENUE**

## **TABLE OF CONTENTS**

**Page**

STATEMENT OF FACTS ..................................................................................................................6

LEGAL STANDARD.........................................................................................................................7

ARGUMENT .......................................................................................................................................8

I.    This Case Should Be Dismissed Because Plaintiff Fails To Establish Personal Jurisdiction Over Gilead ........................................................................................................8

      a.    Gilead Is Not Subject To General Personal Jurisdiction In The District of Columbia................................................................................................................... 8

      b.    Gilead Is Not Subject To Specific Personal Jurisdiction In The District of Columbia................................................................................................................... 10

II.    This Case Should Be Dismissed Where Venue Is Improper In The District Of Columbia...................................................................................................................................11

III.    In The Alternative, This Court Should Transfer This Case To The Northern District Of California .................................................................................................................12

IV.    Plaintiff Fails To State A Claim For Contributory Infringement (Count II) ......................14

CONCLUSION..................................................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*AF Holdings, LLC v. Does*, 1-1058, 752 F.3d 990, 996 (D.C. Cir. 2014) .................................. 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................................................................. 8

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ............................................................................ 7

*Bernhardt v. Islamic Republic of Iran*, 47 F.4th 856 (D.C.C. 2022) ............................................ 7

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ................................................................ 10

*Bus. Casual Holdings, Ltd. Liab. Co. v. YouTube, Ltd. Liab. Co.*, No. 22-3007-cv, 2023 WL 6842449 (2d Cir. Oct. 17, 2023) ............................................................................................. 14

*Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141 (3rd Cir. 1992) ............................................ 11

*Crane v. N.Y. Zoological Soc.*, 894 F.2d 54 (D.C. Cir. 1990) ........................................................ 8

*\*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ........................................................................... 8-9

*Does 1-144 v. Chiquita Brands Int'l, Inc.*, 285 F. Supp. 3d 228 (D.D.C. 2018) .......................... 13

*Epikhin v. Game Insight N. Am.*, No. 14-CV-04383-LHK, 2015 WL 2412357 (N.D. Cal. May 20, 2015) ......................................................................................................................... 14

*Fam v. Bank of Am. NA (USA),* 236 F. Supp. 3d 397 (D.D.C. 2017) ......................................... 13

*First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375 (D.C.C. 1988) .................................. 7, 10, 14

*\*Freedman v. Suntrust Banks, Inc.*, 139 F.Supp.3d 271 (D.D.C. 2015) ................................ 9, 13

*Gather Workspaces LLC v. Gathering Spot, LLC*, No. CV 19-2669 (RC), 2020 WL 6118439 (D.D.C. Oct. 16, 2020) ........................................................................................... 12

*Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915 (2011) ................................. 8

*GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000) .................... 10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) .................................. 8

*\*Holland v. Cardem Ins. Co., LTD*, No. 119CV02362TSCGMH, 2021 WL 7448018 (D.D.C. Dec. 7, 2021) ............................................................................................................... 9

*International Shoe Co. v. Washington,* 326 U.S. 310 (1945) ....................................................... 11

*James v. Verizon Servs. Corp.,* 639 F. Supp. 2d 9 (D.D.C. 2009) ............................................... 13

*Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249 (D.C.C. 2005)..........................................7

*Livnat v. Palestinian Auth.*, 851 F.3d 45 (D.C.C. 2017)................................................................7

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913 (2005) ...............................14

*Milwaukee Concrete Studios, Ltd. v. Field Manufacturing Co.*, 8 F.3d 441, 445 (7th Cir. 1993) ........................................................................................................................................12

*Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C.C. 2005) ........................................................................7

*\*Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181 (D.D.C. 2005)............................................... 14-15

*Sickle v. Torres Advanced Enter. Sols., LLC*, 884 F.3d 338 (D.C. Cir. 2018).................................7

*Spaeth v. Georgetown Univ.*, 839 F. Supp. 2d 57 (D.D.C. 2012)...................................................8

*Theta Sorority Inc. v. Bivins,* 20 F.Supp.3d 207 (D.D.C. 2014).....................................................13

*\*Waite v. All Acquisition Corp.*, 901 F.3d 1307 (11th Cir. 2018) ..................................................9

*World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980)..............................................11

**Statutes**

8 U.S.C. § 1391(c)(2)....................................................................................................................11

28 U.S.C. § 1400(a) ................................................................................................................ 11-12

28 U.S.C. § 1404(a) ......................................................................................................................12

28 U.S.C. § 1406(a) ................................................................................................................ 12-13

28 U.S.C. § 1631.......................................................................................................................... 12-13

D.C. Code § 13-423(a)..................................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)–(3)................................................................................................1, 7, 16

Fed. R. Civ. P. 12(b)(6)...................................................................................................................7

Plaintiff Richard Eric Schultz ("Schultz" or "Plaintiff") has sued his former licensee, Gilead, for copyright infringement (Count I) and contributory infringement (Count II). But rather than suing in a jurisdiction with any appropriate connection to Plaintiff, Gilead, or the claims at issue, Plaintiff is attempting to force Gilead into a Court that both lacks personal jurisdiction and is an improper forum. Gilead is a California-based entity that does not have sufficient contacts with the District of Columbia to provide this Court with personal jurisdiction. Because Gilead does not have the continuous and systematic contacts necessary to make them "essentially at home" in the District of Columbia, nor substantial contacts with the District of Columbia related to the claims in this action, this Court does not have general or specific jurisdiction over Gilead. As such, venue is likewise improper in the District of Columbia. The Court should, therefore, dismiss the Complaint in its entirety. Alternatively, to the extent the Court does not dismiss the claims for want of jurisdiction, the Court should transfer the suit to the Northern District of California.

Furthermore, regarding the contributory infringement claim, Plaintiff has failed to meet the most basic pleading requirement to provide Gilead with fair notice of the claim against which it must defend. Specifically, Plaintiff fails to plead (1) any direct infringement by a third-party, (2) Gilead's knowledge of such infringement, or (3) Gilead's substantial participation in the infringement. For these reasons, the Court should dismiss Plaintiff's claim for contributory infringement asserted against Gilead.

## STATEMENT OF FACTS[1]

Gilead is a biopharmaceutical company incorporated in Delaware with its principal place of business in Foster City, California. Dkt. No. 1, Complaint ("Compl.") at ¶2. Defendant operates numerous offices across the United States, including an ancillary office located in Washington, District of Columbia. *Id*. Gilead also has an agent for service of process located in Washington, District of Columbia. *Id.* Plaintiff is an individual who resides in the State of Rhode Island. *Id.* at ¶1. Plaintiff has no apparent connection to the District of Columbia.

In 2016, Gilead contracted with Plaintiff for a two-year (2) license to use certain photographs. Compl. at ¶8. On July 1, 2018, Plaintiff and Gilead agreed on a one-year (1) extension of the license. *Id.* at ¶12.

Plaintiff alleges that following the termination of the license, on or about July 2, 2019, Gilead copied and posted the copyrighted photographs to its commercial website, located at www.epclusa.com/-/media/Files/epclusa_com/epclusa-brochure.pdf. Compl. at ¶17. Plaintiff claims he notified Gilead of its unauthorized use on or about July 15, 2025. *Id.* at ¶¶21-22. Plaintiff alleges that in addition to directly infringing its copyright in the asserted photos, Gilead has also contributorily infringed Plaintiff's rights in the photos. Plaintiff's factual support for its baseless allegation is limited to a single statement: "As a result of Defendant's infringement of Copyrighted Photographs, at least one third-party, Sharecare, Inc., copied and posted Copyrighted Photographs without proper license or permission from Plaintiff."  Compl. at ¶20.

---

[1] As this is a motion to dismiss, this recitation of the facts takes the allegations in the Complaint as true solely for the purposes of this motion.  The fact that Gilead has assumed the allegations to be true, for purposes of this motion only, does not imply that it admits any of the facts alleged.

**LEGAL STANDARD**

To survive a motion to dismiss for lack of personal jurisdiction, under Federal Rule of Civil Procedure 12(b)(2), the plaintiff must "make a *prima facie* showing of the pertinent jurisdictional facts." *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56–57 (D.C.C. 2017) (quoting *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C.C. 1988)). The *prima facie* showing requires specific factual allegations connecting the defendant to the forum. *First Chi. Int'l*, 836 F.2d at 1378. While the complaint's factual allegations must be accepted as true, and all reasonable inferences must be drawn in plaintiff's favor, *Bernhardt v. Islamic Republic of Iran*, 47 F.4th 856, 861 (D.C.C. 2022), mere conclusory statements and bare allegations are insufficient, *Livnat*, 851 F.3d at 57. The court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C.C. 2005) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C.C. 1992)). Jurisdictional arguments may be premised on the "pleadings, bolstered by such affidavits and other written materials as [the parties] can otherwise obtain." *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C.C. 2005).

"To survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Sickle v. Torres Advanced Enter. Sols., LLC*, 884 F.3d 338, 344-45 (D.C. Cir. 2018) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a plaintiff must offer "more than labels and conclusions" to provide "grounds" of "entitle[ment] to relief." *Twombly*, 550 U.S. at 555. A complaint with allegations that are "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and

plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Although a court must assume the truth of the plaintiff's allegations when evaluating a motion to dismiss, the court "need not accept as true any legal conclusions couched as factual allegations or inferences unsupported by facts" in the complaint. *Spaeth v. Georgetown Univ.*, 839 F. Supp. 2d 57, 62 (D.D.C. 2012) (quoting *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011)).

## ARGUMENT

### I.  THIS CASE SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO ESTABLISH PERSONAL JURISDICTION OVER GILEAD

As the plaintiff, Schultz bears the burden of "establishing a factual basis for the exercise of personal jurisdiction" over Gilead. *Crane v. N.Y. Zoological Soc.*, 894 F.2d 54, 456, (D.C. Cir. 1990). The Court may exercise one of two types of personal jurisdiction: "general or all-purpose jurisdiction, and specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915 (2011). Here, there is neither general nor specific jurisdiction over Gilead.

### a.  Gilead Is Not Subject To General Personal Jurisdiction In The District of Columbia

While it is unclear what type of jurisdiction Plaintiff is attempting to assert over Gilead within the Complaint, it is evident that the allegations of personal jurisdiction are not sufficient to meet the standard of general jurisdiction.

General jurisdiction looks to the defendant's "continuous and systematic" contacts with a state, not whether the action is related to the contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). A court can exercise general jurisdiction over a corporation only when it is incorporated in the forum, has its principal place of business in the forum, or in exceptional cases, where the corporation's contacts with the forum are "so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122

(2014). Neither of the first two possible bases for general jurisdiction exist, and Plaintiff has neither attempted nor succeeded to make a showing that Gilead has the sort of "continuous and systematic" contacts that would render it "essentially at home," in the District of Columbia.

Plaintiff has conceded that Gilead is a Delaware corporation with a principal place of business in California. Compl. at ¶ 2. The only connection Plaintiff makes between Gilead and the District of Columbia is merely that Gilead has an ancillary office and an agent for service of process located in the district. *Id.* These minimal contacts, however, are insufficient to confer general jurisdiction. The allegation of maintenance of a single ancillary office does not meet the "continuous and systematic" requirement. "A corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler AG*, 571 U.S. at 139 n.20; *see Freedman v. Suntrust Banks, Inc.*, 139 F.Supp.3d 271 (D.D.C. 2015) (holding that a defendant was not "essentially at home" in the District despite maintaining a physical office in the district, operating numerous retail branches and ATMs in the District, having an agent for service of process, and being registered to do business in the district still lacked general jurisdiction.). The allegation that Gilead has an agent for service of process in the District is also insufficient. "Courts have found the maintenance of an agent for service of process in the forum insufficient, even in combination with other contacts, to deem the foreign corporate 'essentially at home' in the forum." *Holland v. Cardem Ins. Co., LTD*, No. 119CV02362TSCGMH, 2021 WL 7448018, at *13 (D.D.C. Dec. 7, 2021).; s*ee als*o *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1318 (11th Cir. 2018) (rejecting the plaintiff's argument that the court could exercise general jurisdiction over a defendant that, among other contacts, "maint[ained] [ ] an agent for service of process" in the forum). Therefore, this Court does not have general jurisdiction over Gilead.

> **b.    Gilead Is Not Subject To Specific Personal Jurisdiction In The District of Columbia**

Without any basis for general personal jurisdiction over Gilead, Plaintiff would need to demonstrate that the Court may exercise specific personal jurisdiction here. But without any connection between Plaintiff's alleged injuries and some relevant conduct occurring within the district, there can be no specific jurisdiction. And Plaintiff has made no allegations that would establish specific personal jurisdiction here.

To determine whether it has specific jurisdiction, the Court "first examine[s] whether jurisdiction is applicable under the [District of Columbia's] long-arm statute and then determine[s] whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Neither criteria is met.

*First,* the District of Columbia's long-arm statute is inapplicable where Plaintiff's causes of action do not arise out of any acts related to the District of Columbia. Gilead did not transact or cause tortious injury in the District of Columbia. *See* D.C. Code § 13-423(a). Plaintiff does not reside in the district. Plaintiff's copyright infringement claim does not allege that Gilead targeted via the internet any resident of the District of Columbia or that anyone in the District of Columbia ever saw the alleged photographs. Nothing about Plaintiff's claim is "specific" to the District of Columbia. Plaintiff does not allege that he was injured in the District of Columbia, that he interacted with employees of Gilead in the District of Columbia, or any other fact that would tie this case to the District of Columbia. In no way can it be said that this litigation "results from alleged injuries" that arise out of or relate to Gilead's alleged activities within the District of Columbia. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

*Second*, even if the long-arm statute is found to apply, Plaintiff must still show that the exercise of personal jurisdiction satisfies the Due Process Clause. In other words, Plaintiff must show "minimum contacts" between Gilead and the forum establishing that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Under the "minimum contacts" standard, the court must find that Gilead's "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there*." World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). Where there are no contacts with the forum for this matter, Gilead would have no reason to anticipate they would be subject to jurisdiction in the District of Columbia.

Plaintiff bears the burden of proving, by a preponderance of the evidence, that Gilead's contacts with the forum are sufficient to confer personal jurisdiction on the Court. *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 146 (3rd Cir. 1992), cert. denied, 506 U.S. 817, 113 S. Ct. 61 (1992). The Court, therefore, lacks specific personal jurisdiction over Gilead, and the case should be dismissed.

**II.     THIS CASE SHOULD BE DISMISSED WHERE VENUE IS IMPROPER IN THE DISTRICT OF COLUMBIA**

Because Gilead is not subject to personal jurisdiction in the District of Columbia, venue in this District of Columbia is also improper. Venue for copyright infringement is proper "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). A corporate defendant is deemed to "reside" in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question ...." 8 U.S.C. § 1391(c)(2). Similarly, the term "may be found" has been interpreted to mean that the defendant is subject to personal jurisdiction in the given forum. *See Milwaukee Concrete Studios, Ltd. v.*

*Field Manufacturing Co.*, 8 F.3d 441, 445 (7th Cir. 1993) ("section 1400(a)'s 'may be found' clause has been interpreted to mean that a defendant is amenable to personal jurisdiction in a particular forum"). Because Gilead neither "resides or may be found" within the District of Columbia (because Gilead is not subject to personal jurisdiction in this district), venue is also improper and this case should be dismissed. *See AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 996 (D.C. Cir. 2014) ("Under the relevant statute, 28 U.S.C. § 1400(a), the propriety of venue turns on whether the defendant is subject to personal jurisdiction.").

### III.   IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER THIS CASE TO THE NORTHERN DISTRICT OF CALIFORNIA

To the extent the Court does not dismiss the claims for want of jurisdiction against Gilead and improper venue, transfer to the Northern District of California is available under both 28 U.S.C. §§ 1631 and 1406(a).[2]

First, this Court may choose to transfer this action under 28 U.S.C. § 1631, which provides that a district court may transfer a case to another district to cure a "want of jurisdiction." 28 U.S.C. § 1631 ("[T]he court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed or noticed."); *See also Gather Workspaces LLC v. Gathering Spot, LLC*, No. CV 19-2669 (RC), 2020 WL 6118439, at *10 (D.D.C. Oct. 16, 2020) ("[T]he law of this Circuit suggests that when a district court lacks personal jurisdiction over a case, transfer to a court where jurisdiction is proper is preferred, and perhaps even required, to dismissing the case.") (internal citations omitted). "There

---

[2] It is also within the Court's discretion to transfer this action pursuant to 28 U.S.C. § 1404(a), which allows a court to transfer a matter where venue is proper "[f]or the convenience of parties and witnesses, in the interest of justice." While Gilead does not concede that venue is proper, if the Court finds otherwise, Gilead requests the case be transferred to the Northern District of California for convenience and fairness where (1) neither the action or Plaintiff has any meaningful ties to this District, (2) Gilead is at home in the Northern District of California, and (3) none of Gilead's relevant personnel are based in this District.

are three requirements for a transfer under 28 U.S.C. § 1631: (1) there must be a lack of jurisdiction in the district court; (2) the transfer must be in the interest of justice; and (3) the transfer may be made only to a court in which the action could have been brought at the time it was filed or noticed." *Does 1-144 v. Chiquita Brands Int'l, Inc.*, 285 F. Supp. 3d 228, 233 (D.D.C. 2018). All three factors are met here.

     As addressed above, there is no personal jurisdiction in this District. Additionally, transfer is in the interest of justice because the transfer would not prejudice the parties' position on the merits and transfer would save Plaintiff the time and expense of refiling in another district. *See Chiquita Brands*, 285 F. Supp. 3d at 235. Finally, the claims against Gilead could have been originally brought in the Northern District of California because Gilead is headquartered in California and within that district. Therefore, all three factors are met for transfer to the Northern District of California under 28 U.S.C. § 1631, in lieu of dismissal.

     Second, it is also within the discretion of this Court under 28 U.S.C. § 1406(a) to transfer this case to any district in which it could have been brought to remedy improper venue. *Theta Sorority Inc. v. Bivins,* 20 F.Supp.3d 207, 218 (D.D.C. 2014) ("[T]he interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal.") The "interest of justice" may be served by transfer where this action would "save the parties the time and expense associated with refiling." *Freedman*, 139 F. Supp. 3d at 284. In addition, consideration may be given to "whether transfer would prejudice Defendant's position on the merits," *James v. Verizon Servs. Corp.,* 639 F. Supp. 2d 9, 15 (D.D.C. 2009) (quoting *McQueen v. Harvey*, 267 F. Supp. 2d 184, 188 (D.D.C. 2008), though "[g]enerally, defendants are not significantly prejudiced by transfer," *Fam v. Bank of Am. NA (USA),* 236 F. Supp. 3d 397, 409 (D.D.C. 2017). Transfer, rather than dismissal, is in the interests of justice in this case where Plaintiff would be saved the

cost and time of refiling his action and Gilead does not claim its position on the merits would be prejudiced.

## IV. PLAINTIFF FAILS TO STATE A CLAIM FOR CONTRIBUTORY INFRINGEMENT (COUNT II)

"One infringes contributorily by intentionally inducing or encouraging direct infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 914 (2005). To establish a claim of contributory copyright infringement, the plaintiff must allege three things: "(1) direct infringement by a third party; (2) knowledge by the defendant that third parties were directly infringing; and (3) substantial participation by the defendant in the infringing activities." *Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181, 186 (D.D.C. 2005)); *see also Bus. Casual Holdings, Ltd. Liab. Co. v. YouTube, Ltd. Liab. Co.*, No. 22-3007-cv, 2023 WL 6842449 at *2 (2d Cir. Oct. 17, 2023) (articulating standard for showing of contributory copyright infringement that plaintiff must show defendant "with knowledge of the infringing activity, induce[d], cause[d] or materially contribute[d] to the infringing conduct of another.") (quoting *EMI Christian Music Grp. Inc. v. MP3 Tunes LLC*, 844 F.3d 79, 99-100 (2d Cir. 2016)); *Epikhin v. Game Insight N. Am.*, No. 14-CV-04383-LHK, 2015 WL 2412357, at *4 (N.D. Cal. May 20, 2015) (granting motion to dismiss contributory copyright infringement claims because "Plaintiffs do not allege any facts in support of the threadbare assertion that [Defendants] 'had knowledge of the infringing acts'"). Viewed in light of the required elements, Plaintiff's contributory infringement claim is woefully deficient and fails to state a claim upon which relief can be granted.

*First*, Plaintiff has not identified which third party (or parties) provide a basis for the claim of contributory infringement. The entirety of Plaintiff's Count II is void of any reference to a third-party, but instead focuses on "Defendant's infringement" and "Defendant's unauthorized use of Copyrighted Photographs." Compl. at ¶¶ 36-40. At best, the only reference to third-party conduct

is limited to the following passing reference elsewhere in the Complaint: "As a result of Defendant's infringement of Copyrighted Photographs, at least one third- party, Sharecare, Inc., copied and posted Copyrighted Photographs without proper license or permission from Plaintiff." Compl. at ¶20. However, given the total lack of factual detail, it is entirely unclear if this is the third-party direct infringer on which Plaintiff is basing his claim for contributory infringement. The Complaint does not state that Sharecare is liable for direct infringement or provide any specific factual allegations as to when or where Sharecare, Inc. allegedly "copied and posted Copyrighted Photographs.". *Sanchez*, 45 F.4th at 395 (requiring "adequate factual support" for each element of a plaintiff's claim). Plaintiff is requiring both Gilead and the Court to engage in guesswork as to identifying the relevant infringing third party and whether that third party was plausibly responsible for the direct infringement required to support claims of contributory infringement.

*Second*, there is not a single allegation in the complaint that Gilead had any knowledge of Sharecare, Inc.'s (or any other third-party) alleged use of the photographs, as is required to state a contributory infringement claim. Plaintiff never alleges that Plaintiff notified Gilead of specific acts of infringement by a third-party, much less Sharecare's use. Rather, Plaintiff states that its July 15, 2025, notification to Gilead was regarding *Gilead's* alleged unauthorized use—not any alleged third-party infringement. Compl. at ¶¶21-22. There is no indication in the Complaint that Gilead had the requisite knowledge to be a contributory infringer.

*Finally,* Plaintiff both fails to allege the element of substantial participation or state any facts to support this unalleged element. The court in *Newborn* explained that, to establish the "substantial participation" component of a contributory infringement claim, the plaintiff must "show a relationship between the ... services provided by [t]he [d]efendants and the allegedly infringing activity as opposed to the mere operation of the website businesses." *Id.* at 189 (internal

quotations and citation omitted). Here, Plaintiff's Complaint merely alleges that content was posted without authorization on Gilead's commercial website but lacks any allegations as to how this facilitated any third-party "cop[ying] and post[ing] Copyrighted Photographs." Compl. at ¶¶19-20. Plaintiff's claim for contributory infringement against Gilead thus fails and, due to the total lack of facts which could support such a claim, should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Gilead respectfully requests that the Court grant its motion to dismiss for lack of personal jurisdiction and improper venue under Fed. R. Civ. P. 12(b)(2)–(3), or in the alternative, transfer this action to the Northern District of California. Additionally, Defendant respectfully requests that the Court dismiss Plaintiff's claim for contributory infringement with prejudice.

Dated: January 12, 2026

/s/ *Michelle C. Pardo*
Michelle C. Pardo
D.C. Bar No.: 456004
901 New York Avenue N.W.
Suite 700 East
Washington, DC 20001-4795
(T) 202.776.7800
(F) 202.776.7801
mcpardo@duanemorris.com

*Attorney for Defendant Gilead Sciences, Inc.*

## CERTIFICATE OF SERVICE

I, Michelle Pardo, certify that on January 12, 2026, I caused a true and correct copy of the foregoing document to be filed through the Court's CM/ECF system, which will automatically serve all parties in this matter.

/s/*Michelle C. Pardo*

*Attorney for Defendant Gilead Sciences, Inc.*